UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TIMOTHY PAUL AMBEAU,

Plaintiff,

v.

Case No. 18-cv-1209-pp

OFFICER KNETZGER, *et al.*,

Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO FILE AMENDED COMPLAINT (DKT. NO. 18)**

Plaintiff Timothy Paul Ambeau, representing himself, filed a civil complaint on August 6, 2018. Dkt. No. 1. On December 13, 2018, this court dismissed the case under Civil Local Rule 41(c) for failure to prosecute. Dkt. No. 14. The court noted that Magistrate Judge Nancy Joseph had screened the complaint, allowed the plaintiff an opportunity to amend it, and extended his deadline to file an amended complaint, but that the plaintiff failed to file an amended complaint by the deadline. Id. at 1-2. The court entered judgment the same day. Dkt. No. 15.

On October 3, 2019, nearly ten months later, the plaintiff requested copies of the court's decision and forms for filing complaints under 42 U.S.C. §1983 and 28 U.S.C. §2241. Dkt. No. 16. On October 9, 2019, he requested additional documents in this case because he was "reopening the civil litigation case." Dkt. No. 17.

1

On October 23, 2019, the plaintiff moved for leave to file an amended complaint. Dkt. No. 18. He contends that he "was ignorant to the term of state a claim for which the defendant's acted under color of state law at all times." Id. at 1. He seeks to raise claims alleging violations of due process and the Fourteenth Amendment. Id. The plaintiff did not attach a proposed amended complaint.

Under Federal Rule of Civil Procedure 15(a), a party may amend a pleading once as a matter of course and otherwise only with consent of the opposing party or leave from the court. The rule provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. (1)(2). The Supreme Court "has interpreted this rule to require a district court to allow amendment unless there is a good reason—futility, undue delay, undue prejudice, or bad faith—for denying leave to amend." Life Plans, Inc. v. Sec. Life of Denver Ins. Co., 800 F.3d 343, 357–58 (7th Cir. 2015) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

Judge Joseph gave the plaintiff an opportunity to submit an amended complaint, but he didn't do so—even after Judge Joseph extended the deadline. The plaintiff has not explained why he failed to file an amended complaint within that deadline or why it has taken him ten months since his case was dismissed to determine what claims he wanted to raise.

More to the point, it would be futile for the court to allow the plaintiff to amend the complaint in a closed, dismissed case. The plaintiff could have filed a motion to reconsider after the court dismissed the case. He could have

appealed the court's decision. But he cannot amend the complaint ten months after the case was closed. The plaintiff is free to file a new case, assuming the statute of limitations has not expired.

The court **DENIES** the plaintiff's motion for leave to file an amended complaint. Dkt. No. 18.

Dated in Milwaukee, Wisconsin this 28th day of January, 2020.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**